## COREY *v.* HARTEL.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — PERSONAL INJURIES.
   Contributory negligence is not imputable to any person for failing to look out for danger when, under the surrounding circumstances, he had no reason to suspect that danger was to be apprehended.

2. SAME—HIGHWAYS AND STREETS—TRIAL—INSTRUCTIONS—LAW OF ROAD—STATUTES.
   In an action for personal injuries caused by a collision between the sleigh in which plaintiff was riding and de-

fendant's automobile truck, while passing each other on a public highway, an instruction by the trial judge which permitted the jury to find that it was negligence for plaintiff to be sitting with her feet hanging over the left side of the sleigh, where the sleigh was on the right side of the street, was reversible error, since plaintiff was not bound to anticipate that either driver would violate the statute requiring drivers to keep to the right of the center of the road in passing (1 Comp. Laws 1915, §§ 4592, 4593, 4814).

3. SAME—DUTY TO KEEP TO RIGHT—LAW OF ROAD—INSTRUCTIONS. In view of the fact that the driver of defendant's truck admitted that it was partly over the center line of the road when the collision occurred, an instruction, without qualification, that, if defendant observed the law of the road and turned to the right there was no negligence, was erroneous, since, unless the turning to the right removed defendant's truck such a distance to the right as not to interfere with the passage of the sleigh, he would still be negligent.

4. SAME—PRESUMPTIONS—EVIDENCE—BURDEN OF PROOF. While a driver who does not keep to the right of the center is presumptively at fault, the circumstances attending such meeting may be such as to overcome the presumption, or the evidence may establish the fact that such act of negligence did not essentially contribute to the injury, but the burden is on the defendant to justify his conduct in that respect.

Error to Ottawa; Cross (Orien S.), J.   Submitted October 11, 1921.   (Docket No. 88.)   Decided December 21, 1921.   Rehearing denied February 8, 1922.

Case by Ossin Corey against Frederick and Carl Hartel, copartners as Hartel Brothers, for personal injuries.   Judgment for defendants.   Plaintiff brings error.   Reversed.

*Charles E. Misner,* for appellant.

*John M. Dunham (Louis H. Osterhous,* of counsel), for appellees.

SHARPE, J.   On December 17, 1919, George Rish was driving a one-horse sleigh on Washington street in the city of Grand Haven.   His wife sat on the seat with him.   The plaintiff, with his consent, was sitting on some hay in the back part of the sleigh with her feet hanging over on the left side.   Rish was driving west.   The street was 30 feet in width between the curbs.   He met and passed an automobile truck belonging to the tannery.   A few feet behind it, the distance being in dispute, came a one-ton Ford truck, owned by the defendants and driven by the defendant Carl Hartel.   It is plaintiff's claim that, when they met, the sleigh was about 20 inches from the north curb, that the left wheels of the truck were on the north side of the center of the traveled portion of the street, that the driver suddenly turned its front wheels and it skidded and struck plaintiff's legs, causing her serious injury.   There is testimony tending to show that the collision was caused by the skidding of the sleigh, and, also, of both the truck and sleigh.

The case was submitted to the jury, who found for the defendants.   A motion for a new trial was denied. The plaintiff here reviews the judgment entered on the verdict by writ of error.   The errors assigned are directed:

(1)  To the charge of the court.
(2)  To the refusal to grant a new trial.

1. The 22d paragraph of the charge reads as follows:

"If the conduct of the plaintiff in sitting on the left side of this sleigh, with her feet hanging over the side, the side where all traffic had to pass her, was not such conduct as would be indulged in by a person of ordinary care and prudence under the same or similar circumstances, then her actions would be negligent and if you find her guilty of negligence she could not recover."

The statutory provisions prescribing the duties of the drivers of vehicles when meeting on a highway read:

"Whenever any persons shall meet each other on any bridge or road, traveling with carriages, wagons, carts, sleds, sleighs, or other vehicles, each person shall seasonably drive his carriage or other vehicle to the right of the middle of the traveled part of such bridge or road, so that the respective carriages, or other vehicles aforesaid, may pass each other without interference." 1 Comp. Laws 1915, § 4592.

"Every person offending against the provisions of the preceding section, shall, for each offense, forfeit a sum not exceeding twenty dollars, and shall also be liable to the party injured for all damages sustained by reason of such offense." 1 Comp. Laws 1915, § 4593.

"Whenever a person operating a motor vehicle shall meet on a highway any other person riding or driving a horse or horses or other draft animals or any other vehicle, * * * the person operating such motor vehicle shall seasonably turn the same to the right of the center of the traveled portion of the highway, while the person approaching shall likewise turn from the center of the traveled portion of the highway so as to pass the motor vehicle on the opposite side of the center of the highway to which the motor vehicle has been turned." 1 Comp. Laws 1915, § 4814.

Before giving the instruction quoted above, the court had properly defined negligence as "the failure to use due care, * * * the failure to use such due care and caution as a reasonably prudent person would use under similar circumstances." By the charge as given in paragraph 22, the jury were permitted to find that by sitting in the position in which she was riding the plaintiff failed to "use due care," in other words, that she was in a position on the sleigh that a reasonably prudent person under similar circumstances would not place himself in.

The duty imposed on her by law was to use due or ordinary care for her own protection against danger. The instruction permitted the jury to find that her position was a dangerous one; that, by sitting with her limbs over the side of the box on the sleigh, she was exposing herself to danger, either obvious or likely to be expected. Under the facts, the jury would not have been justified in so finding. The plaintiff was not called upon to anticipate that either driver would violate the statute. Had there been no such violation, she could not have been injured by a collision unless the unexpected happened. Her duty to avoid the danger of injury did not arise until it became apparent or the circumstances were such that an ordinarily prudent person would have apprehended its existence. In 29 Cyc. p. 516, it is said:

"The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which can come to him only from violation of law or duty to such other person."

In Baldwin on Personal Injuries (2d Ed.), § 146, the rule is thus stated:

"Contributory negligence is not imputable to any person for failing to look out for danger when, under the surrounding circumstances, he had no reason to suspect that danger was to be apprehended."

The reasoning in *Milbourne* v. *Arnold Power Station Co.*, 140 Mich. 316 (70 L. R. A. 600), will also be found instructive.

It is not unusual in those parts of the State where sleighs are much in use to find persons riding in the position plaintiff was in. It is quite a common sight to see boys and girls thus place themselves when "stealing a ride" on passing sleighs. If the statutory

rules above quoted be observed when vehicles are meeting each other, no injury is likely to result.

Complaint is also made that the jury were not instructed that plaintiff's negligence must have contributed to her injury in order to bar her right to recover.    Alleged errors in other parts of the charge are based on a similar omission.    The rule was, however, correctly stated several times by the court, and we think the jury were not misled by the omissions complained of.    At all events, there will doubtless be no cause  for complaint in this respect when the case is tried again.

Other portions of the charge are complained of as being unduly favorable to defendants in view of the fact that the driver of the truck admitted that it was partially over the center line of the road when the collision occurred.    The 24th paragraph reads:

"Defendants had the right to drive their truck upon any portion of the street in question.    It was their duty, however, upon approaching a vehicle or team going in the opposite direction, and there being no occasion to stop, to turn to the right of the travelled part of the street in order to allow such other vehicle or team to pass.    And it is the duty of the other vehicle or team to turn to the right.    If defendants observed this rule, there was no negligence in that regard."

Unless the turning to the right placed the truck on the side of the road it should be on when meeting the sleigh, or removed it such a distance to the right as not to interfere with the passage by the sleigh when pursuing the course it was taking, the defendants would not be relieved thereby.    While a driver who does not keep to the right of the center is presumptively at fault, the circumstances attending such meeting may be such as to overcome the presumption, or the evidence may establish the fact that such act of negligence did not essentially contribute to the injury.    As

was said in *Buxton* v. *Ainsworth,* 138 Mich. 532, 536 (5 Ann. Cas. 146):

"the fact that he may have been in a sense out of place does not place him beyond the protection of the law."

The jury were also instructed that if "the unpreventable skidding of the truck or the sleigh or both" caused the accident, the plaintiff could not recover. This instruction, given without qualification, negatived the force and effect of the statute. While, as has already been said, the conditions may have been such as justified the driver of the truck, when passing the sleigh, in continuing on his course even if his vehicle was not wholly to the right of the center of the street, the burden was on defendants to so satisfy the jury and, unless the violation of the statute was excused to their satisfaction, the happening of the unexpected would not relieve the defendants from liability. The driver could plainly see the condition of the street. He had driven over it several times that day. If he knew, or should have known, that the wheels of the truck were likely to skid, he should have guarded against a collision by stopping or having the truck in that part of the street required by the statute.

2. In view of the conclusion reached, it is not necessary to consider the questions raised by the denial of the motion for a new trial.

The judgment is reversed, with costs to plaintiff, and a new trial granted.

STEERE, C. J., and WIEST, STONE, CLARK, and BIRD, JJ., concurred. MOORE and FELLOWS, JJ., did not sit.