### SALKE *v.* BURNHAM, STOEPEL & CO.

NEGLIGENCE— AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where plaintiff, while crossing a public street, was struck by defendant's automobile running to the left of the center of an unobstructed paved street, it cannot be said, as a matter of law, that he was guilty of contributory negligence.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted April 19, 1923.    (Docket No. 100.)    Decided June 4, 1923.

Case by August Salke against Burnham, Stoepel & Company for personal injuries.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

The reciprocal duty of driver of automobile and pedestrian to use care is discussed in notes in 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

*Keena, Lightner, Oxtoby & Hanley,* for appellant.

*Dwyer & Dwyer* (*William W. Macpherson* and *Carl A. Williams,* of counsel), for appellee.

MOORE, J.   This is an action brought to recover damages for injuries received by plaintiff when he was struck by an automobile belonging to defendant. Verdict was in favor of the plaintiff and the case is before this court on a writ of error.

The only error relied upon is that the court erred in refusing to grant the motion for a directed verdict for the reason that plaintiff failed to prove that he was free from contributory negligence.   The accident happened on Chene street in Detroit on the afternoon of September 21, 1921.   This street runs approximately north and south, and is traversed by a single street railway track upon which the street cars run from north to south.   The distance between the outer rails and the curb is approximately 17 feet, and there is a sidewalk contiguous to the curb on each side of the street.

The plaintiff is a farmer and came into the city on that day with a load of wood on his small motor truck, which he drove northerly on Chene street and left standing in the middle of the block, beside the easterly curb, while he went across the street to negotiate the sale of his wood with a butcher.   Plaintiff started to return to his truck, accompanied by the butcher, and when about to step off of the westerly curb he looked to the north and saw an automobile coming south in the street car tracks.   On stepping off of the curb, plaintiff looked to the north and saw the approaching car and estimated its speed at from 25 to 30 miles an hour.   His testimony is that he thought he had time to cross the street.   As he walked across the street he kept looking for the automobile until he reached the westerly rail, and then he turned

his head and looked south.  Just as he was stepping over the east track the automobile hit him.  The evidence is that the left-hand wheels of the automobile were east of the east track of the street railway line.

The rights of pedestrians and automobiles in the streets are reciprocal.  When the automobile hit the plaintiff it was not on the right-hand side of the center of the paved street, and it was running at an unlawful rate of speed.  It had a wide unobstructed pavement in which it could have been driven.  It cannot be said, as a matter of law, that plaintiff was guilty of contributory negligence.  See *Reynolds* v. *Knowles, ante,* 70, in which case an opinion was handed down today, and the many authorities cited therein.

The judgment is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.