LAWRENCE *v.* BARTLING & DULL CO.

1. MOTOR VEHICLES—WRONG SIDE OF STREET—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
     Where pedestrian in street where she had right to be was struck by truck driven on wrong side, it was question for jury, under all surrounding circumstances, whether she was in exercise of ordinary care.

2. SAME—NEGLIGENCE—ASSUMPTION OF RISK.
     Truck driver violating law by driving on wrong side of street assumes risk and is required to use greater care than if he had kept on right side.

3. SAME—PEDESTRIAN NEED NOT ANTICIPATE VIOLATION OF STATUTE.
     Pedestrian need not anticipate that truck driver will violate statute and drive on wrong side of street.

4. SAME—CONTRIBUTORY NEGLIGENCE.
     Pedestrian's duty to avoid danger did not arise until it became apparent, or the circumstances were such that an ordinarily prudent person would have apprehended existence of danger.

As to reliance upon presumption of exercise of due care by driver, see annotation in 19 L. R. A. (N. S.) 166.
On duty of pedestrian to look, on crossing street, see annotation in 14 A. L. R. 1185; 67 A. L. R. 323.

5. NEGLIGENCE—ASSUMPTION THAT OTHERS WILL OBEY LAW.

Generally every person has right to presume that every other person will perform his duty and obey the law, and therefore he may assume that he is not exposed to danger which can come only from violation of law or breach of duty.

6. SAME—CONTRIBUTORY NEGLIGENCE.

Contributory negligence is not imputable to person for failing to look out for danger when, under surrounding circumstances, he has no reason to apprehend that danger existed.

7. MOTOR VEHICLES—WRONG SIDE OF STREET—FAILURE TO LOOK—CONTRIBUTORY NEGLIGENCE.

Pedestrian's failure, after passing center of street, to continue to look for automobiles driven on wrong side of street does not constitute contributory negligence as matter of law.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 9, 1931. (Docket No. 68, Calendar No. 35,664.) Decided October 5, 1931.

Case by Elizabeth Lawrence against Bartling & Dull Company, a Michigan corporation, for personal injuries resulting from alleged negligent operation of defendant's truck. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*James R. Neill* and *Neill E. Graham,* for plaintiff.

*Pelton & McGee,* for defendant.

POTTER, J. Plaintiff sued defendant to recover damages for personal injuries claimed to have resulted from negligence of defendant's employee in operating a motor truck. Plaintiff claims she was going east across Drexel avenue in Pontiac, when defendant's truck going west on Paddock street turned into Drexel avenue without stopping, without signal, and on the wrong side of Drexel avenue, an

unpaved street, little used for motor vehicle traffic. Plaintiff, a school teacher, was familiar with the street and at the time of the injury was on her way to school. The morning was foggy and rainy and plaintiff had her umbrella up. She proceeded to cross Drexel avenue without looking to observe motor trucks. She had nearly reached the opposite side of Drexel avenue and was, according to her testimony, within two feet of the curb when defendant's truck, without stopping and without warning, turned into Drexel avenue on the wrong side of the street and hit plaintiff, knocked her down, and hurt her. The trial court directed a verdict against plaintiff on the ground of contributory negligence, and she appeals.

Drexel avenue is 28 feet wide between street curbs. Defendant's truck struck plaintiff because it was on the wrong side of the street. Plaintiff was where she had a right to be. It was a question of fact for the jury, under all the surrounding circumstances, whether she was in the ordinary exercise of reasonable care. *Patterson* v. *Wagner,* 204 Mich. 593.

"When one is standing in the street in a place where he has a right to be, or is walking along the highway, he can properly assume that the driver of a motor vehicle will not run him down, but will avoid contact with him." *Reynolds* v. *Knowles,* 223 Mich. 70, 76.

It cannot be said as a matter of law plaintiff was guilty of contributory negligence. *Salke* v. *Burnham, Stoepel & Co.,* 223 Mich. 77. One who violates the law of the road by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on the right side. *Winckowski* v. *Dodge,* 183 Mich. 303, 308.

Plaintiff was not called upon to anticipate the driver of the truck would violate the statute (1 Comp. Laws 1929, § 4710). Had there been no such violation, she could not have been injured by a collision unless the unexpected happened. Her duty to avoid the danger of injury did not arise until it became apparent, or the circumstances were such that an ordinarily prudent person would have apprehended its existence. *Corey* v. *Hartel,* 216 Mich. 675. The general rule is that every person has a right to presume every other person will perform his duty and obey the law, and, in the absence of reasonable ground to think otherwise, it is not negligence to assume he is not exposed to danger which can come to him only from violation of law or duty to such other person. 29 Cyc. p. 516. Quoted with approval in *Corey* v. *Hartel, supra.*

Contributory negligence is not imputable to any person for failing to look out for danger when, under the surrounding circumstances, he has no reason to expect that danger was to be apprehended. Baldwin, Personal Injuries (2d Ed.), § 146; *Corey* v. *Hartel, supra.*

We know of no authority holding it is contributory negligence as a matter of law if a pedestrian does not continue to look after passing the center of the street for automobiles running on the wrong side of the street. *Rowland* v. *Brown,* 237 Mich. 570. We think plaintiff made a case for the jury.

Judgment reversed, and new trial ordered, with costs.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.