STUCK *v.* TICE.

1. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE.
    Normally, when two cars collide on a bright clear day at the intersection of thoroughfares of equal importance, both drivers are to blame as it becomes the duty of both drivers to slow down and respect each other's rights.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—INTERSECTION.
    Contributory negligence of driver of plaintiff's car *held*, a question for the jury where such car and defendants' truck collided at an intersection of two roads of equal importance in the

morning of a bright clear day after defendants' easterly driven truck had been seen by plaintiff's driver to have slowed down as if to stop or turn but thereafter suddenly accelerated speed so as to collide with plaintiff's northbound car after car had crossed the middle of the intersection.

3. SAME—CONTRIBUTORY NEGLIGENCE—RIGHT OF WAY—LESSENING SPEED.

The fact that plaintiff's car approached intersection from right of defendants' truck and was thereby entitled to a technical right of way *held,* not determinative as to whether or not plaintiff's driver was guilty of contributory negligence in not slowing down after he had seen defendant's truck, approaching from left, reduce speed as if to stop or turn.

4. SAME—PROXIMATE CAUSE—LICENSE PLATES—BROKEN SPEEDOMETER.

That plaintiff's car was without license plates at time of accident and speedometer was broken *held,* immaterial in action against defendant truckers as such were in no sense proximately involved in the collision.

5. SAME—CONTRIBUTORY NEGLIGENCE—FAILURE TO SOUND HORN—PROXIMATE CAUSE—QUESTION FOR JURY.

In action arising out of collision between plaintiff's car and defendant's truck at an intersection of a dirt and a gravel road where view was unobstructed, whether failure of plaintiff's driver to sound his horn contributed to the accident or constituted a failure to use due care *held,* a question for the jury.

Appeal from Kalkaska; Lamb (Fred S.), J. Submitted October 4, 1939. (Docket No. 30, Calendar No. 40,709.) Decided December 19, 1939.

Case by William Stuck against Earl Tice and Grover Ball for damages for personal injuries sustained in a collision of motor vehicles at an intersection. Verdict for plaintiff. Defendants appeal. Affirmed.

*Campbell & Campbell* and *Rupert B. Stephens,* for plaintiff.

*Robert B. Murchie,* for defendants.

BUTZEL, C. J.   An intersection accident occurred on a road leading into Kalkaska, Michigan, between 9 and 10 o'clock on the morning of September 6, 1938.   Plaintiff was riding with his brother Mark in a Ford car in a northerly direction on graveled county road No. 571.   Defendant Tice was driving east in a Ford stake-body truck owned by himself and defendant Ball on a dirt road which crossed No. 571 at right angles and began a quarter of a mile to the west at a farm house.   The dirt road was sufficiently wide for two cars, though there evidently was only one ''track'' on it.   The dirt road continues east after it crosses No. 571 and becomes a graveled road. The trial judge instructed the jury that the two roads were virtually of equal importance.   The sky was clear on the day the accident occurred, the surrounding countryside was level and the view of both drivers unobstructed.   Defendants claim that a verdict should have been directed in their favor instead of allowing the case to go to the jury which rendered a verdict in plaintiff's favor.   The sole question involved in this appeal is whether plaintiff's driver was guilty of contributory negligence as a matter of law.

It was shown on behalf of plaintiff that the car in which he was riding was traveling at a speed of about 30 miles an hours as it approached to within six or seven rods south of the intersection, at which point the driver first saw defendants' truck about 10 rods west of the intersection.   It was estimated by one witness that defendant Tice was then driving 50 or 55 miles an hour; plaintiff's brother who drove the car stated that he formed no estimate of Tice's speed but that he continued to watch the truck steadily from the moment he first saw it until the

impact. As it approached the intersection, according to several witnesses, the truck appeared to slow down either for the purpose of stopping or of making a right-hand turn, and for this reason the driver of plaintiff's car proceeded across the intersection without relaxing his speed. Defendant, however, after slowing down, picked up speed again and the vehicles collided after plaintiff's car had crossed the southerly half of the intersection by six or eight feet. It was further shown that from the position of the car at the time of the impact defendant was on the left or north side of the road. Plaintiff claims that the front part of the truck struck his car behind the left front fender. There was evidence that immediately after the accident defendant Tice stated that he did not see the car at all and that he had been checking the bill for his next milk delivery rather than watching the road.

Defendant admitted that he "didn't look quick enough," but denied that he had stated he was not paying attention to driving his car. He estimated that he was driving 25 to 30 miles per hour as he approached the intersection and denied that he had slackened his speed at any time. Under his theory of the accident, his truck was struck by the car in which plaintiff was riding. It was shown that neither party sounded a horn, that up until the time they entered the intersection neither vehicle turned to the right or left to avoid the other, that plaintiff's car could have been stopped in about 10 feet and the truck in 15 or 20 feet.

Normally, under conditions such as these, when two cars collide on a bright clear day at the intersection of thoroughfares of equal importance, both drivers are to blame. The circumstances of the present case, however, take it out of the ordinary rule. When two cars meet at an intersection, it be-

comes the duty of both drivers to slow down and respect each other's rights. Necessarily one car at some time must pass before the other. When the driver of plaintiff's car kept his eye constantly on defendant's truck, which was seen to have slowed down so as to give the impression that it was going to stop or turn, it became a question of fact whether the driver of plaintiff's car acted prudently in proceeding without anticipating that defendant would suddenly accelerate the speed of his truck and strike plaintiff's car after it was beyond the middle of the intersection in the direction it was traveling. *Rak v. Lake,* 271 Mich. 274. Defendant relies on *Block v. Peterson,* 284 Mich. 88, where recovery was denied because of plaintiff's contributory negligence in failing to look again to ascertain if he could safely cross the highway after he saw defendant's car 120 feet from the intersection. Here the evidence established that plaintiff's driver maintained a continual watchfulness. In *Koehler v. Thom,* 285 Mich. 593, plaintiff's driver sighted defendant approaching the intersection at a speed of 55 miles per hour. He noticed nothing which indicated that defendant was going to stop and he made no effort to bring his own car to a halt. Here there was testimony that defendant reduced his speed to stop or turn. A question of fact was presented upon which reasonable minds might differ and it was properly submitted to the jury.

In so holding we do not regard as determinative the fact that since plaintiff's car was coming from the right of defendant it was entitled to a technical right of way. It was shown that the car was without license plates at the time of the accident and that the speedometer was broken, but these were in no sense proximately involved in the collision and defendants do not so contend. Under the circumstances, where

defendant's view was unobstructed, it was also a jury question whether the failure of plaintiff's driver to sound his horn either contributed to the accident or constituted a failure to use due care.

The judgment is affirmed, with costs.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.