DeVRIES v. OWENS.

1. Automobiles—Stopping at Through Highways—Anticipation of Violation of Statutes.

A motorist on a through highway is not called upon to anticipate that defendant motorist on stop road intersecting the through highway will violate the statute and proceed across without first stopping (1 Comp. Laws 1929, § 4715).

2. Negligence—Avoidance of Danger.

One's duty to avoid danger of injury does not arise until it becomes apparent or the circumstances are such that an ordinarily prudent person would apprehend its existence.

3. Same—Assumption Others Will Obey the Law.

Generally every person has right to presume that every other person will perform his duty and obey the law, and therefore he may assume that he is not exposed to danger which can come only from violation of law or breach of duty.

4. Automobiles—Contributory Negligence—Question for Jury—Intersection of Through Highway and Stop Road.

In action for injuries sustained by plaintiff in car driven by her husband on through highway against defendant motorist who approached intersection on a stop road and slowed down as if to stop and then went on across without having stopped,

Violation of statutory duty as negligence, see 2 Restatement, Torts, § 286.

That actor can anticipate that others will obey the law, see 2 Restatement, Torts, § 290 (b) and comment n.

Functions of the jury on the question of contributory negligence, see 2 Restatement, Torts, § 476.

For rule as to contributory negligence of a passenger in an automobile, see 2 Restatement, Torts, § 495, comment c.

question of contributory negligence of plaintiff's driver was for jury where, after observing defendant approach, plaintiff's driver "stepped off the gas" in preparing to stop but, upon observing that defendant slowed down, resumed speed until too late to avoid collision with defendant who had failed to stop as required and who did not see car in which plaintiff was riding approach (1 Comp. Laws 1929, § 4715).

5. SAME—SPEED—RESIDENTIAL OR BUSINESS DISTRICT—QUESTION FOR JURY.

Under record presented in action for injuries occurring at an intersection in which plaintiff's husband testified he was driving at speed of 25 miles an hour, it was not error to leave question to jury of whether or not accident happened in a business district or in a residential district or in either of such districts (1 Comp. Laws 1929, § 4693).

6. SAME—PASSENGER—CONTRIBUTORY NEGLIGENCE.

Whether or not plaintiff who was riding in car driven by her husband was guilty of contributory negligence was properly submitted to jury as she was not making observations as to course of their car at the time of the accident but was looking elsewhere, where it appears that she would have had no reason to warn her husband or suggest any different course to follow had she been observing the course of their car.

7. EVIDENCE—TESTIMONY OF DOCTOR BASED ON OWN OBSERVATIONS AND MEDICAL JUDGMENT.

Court properly refused to exclude testimony of doctor as to physical condition, deformity and disability of plaintiff's hand, which had been injured in automobile collision, based upon his own observations and medical judgment and not on what plaintiff may have told him.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 11, 1940. (Docket No. 52, Calendar No. 41,102.) Decided December 10, 1940.

Case by Catherine DeVries against Thomas W. Owens for personal injuries sustained in a collision between automobiles. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*C. M. Robson* and *L. F. Porter* (*L. J. Crum*, of counsel), for plaintiff.

*Howard, Howard & Howard,* for defendant.

McAllister, J. Plaintiff brought suit for damages resulting from an automobile accident and was awarded a verdict of $1,500. Defendant moved for judgment *non obstante veredicto,* which was denied by the trial court, and defendant appeals, claiming that the court erred in refusing to hold that the driver of the car in which plaintiff was riding was guilty of contributory negligence as a matter of law. Defendant further assigns error on the admission of alleged improper medical testimony with regard to plaintiff's injuries.

The accident occurred April 23, 1939, near the intersection of the crossroad at Portage Center in Kalamazoo county and the highway designated as US-131. Plaintiff's husband was driving the car in which she was riding. They were proceeding in a northerly direction at a rate of approximately 25 miles per hour. As their car neared the intersection, defendant was approaching the highway from the east on the Cox Corners-Portage Center road. Highway US-131 is a "through" highway, and defendant was bound to stop before entering the intersection. Plaintiff's husband, Mr. DeVries, when he was about 50 feet from the intersection, saw defendant approaching at a rate of speed of about 20 miles per hour. He testified that he "stepped off the gas" and then saw defendant slow down to a speed of 10 miles per hour as he neared the intersection. It would appear from the fact that defendant reduced his speed as he came to the intersection, that he was about to observe the law which required him to stop before entering upon such a highway,* and was giving the right-of-way to the car in which plaintiff was riding. DeVries then continued to

---

* See 1 Comp. Laws 1929, § 4715 (Stat. Ann. § 9.1583).—Reporter.

proceed at the same rate of speed he had been driving, until, when approximately 30 feet from the intersection, he saw that defendant was not going to stop as he was required to do, but was driving out into the intersection. DeVries was unable, within this distance, to stop his own car, and the collision resulted. It is admitted that defendant did not stop, nor did he see the DeVries car until the time of the impact. The only issue on the question of negligence is whether plaintiff or her husband was guilty of contributory negligence as a matter of law.

In *Lawrence* v. *Bartling & Dull Co.*, 255 Mich. 580, 583, it was said:

"Plaintiff was not called upon to anticipate the driver of the truck would violate the statute (1 Comp. Laws 1929, § 4710 [Stat. Ann. § 9.1578]). Had there been no such violation, she could not have been injured by a collision unless the unexpected happened. Her duty to avoid the danger of injury did not arise until it became apparent, or the circumstances were such that an ordinarily prudent person would have apprehended its existence. *Corey* v. *Hartel*, 216 Mich. 675. The general rule is that every person has a right to presume every other person will perform his duty and obey the law, and, in the absence of reasonable ground to think otherwise, it is not negligence to assume he is not exposed to danger which can come to him only from violation of law or duty to such other person. 29 Cyc. p. 516."

In *Stuck* v. *Tice*, 291 Mich. 486, 490, where a collision occurred at the intersection of two roads, neither having a superior right-of-way, the court said:

"When the driver of plaintiff's car kept his eye constantly on defendant's truck, which was seen to have slowed down so as to give the impression that it was going to stop or turn, it became a question of

fact whether the driver of plaintiff's car acted prudently in proceeding without anticipating that defendant would suddenly accelerate the speed of his truck and strike plaintiff's car after it was beyond the middle of the intersection in the direction it was traveling.''

In his order denying defendant's motion for judgment notwithstanding verdict, the trial court said:

''Viewing the testimony most favorably to plaintiff, her driver did not rely on the bare assumption that defendant would stop. He did quite the contrary and prepared to avoid a collision in ample time to do so and then was invited by the conduct of defendant to proceed with an apparent assurance of safety in doing so. He did that which any reasonably prudent driver would do in the same situation. If plaintiff had been looking, she would have had no reason to suggest any different course.''

While we are not restricted in our consideration of this case by the trial court's opinion as above set forth, nevertheless it is a persuasive statement as indicating the strength of plaintiff's case on the question of whether her alleged negligence or that of her husband should be determined by the court as a matter of law. From an examination of the record and a review of the circumstances under which the accident occurred, we are of the opinion that the question of the contributory negligence of plaintiff's driver was clearly one of fact for the jury.

Mr. DeVries testified that he was driving 25 miles per hour while approaching the intersection. The statute in effect at the time the accident occurred limited the speed of motor vehicles to 15 miles per hour in a business district and 20 miles per hour in

a residential district. The statute defined a business district as follows:

"The territory contiguous to a highway when fifty per cent. or more of the frontage thereon for a distance of three hundred feet or more is occupied by buildings in use for business." 1 Comp. Laws 1929, § 4693 (Stat. Ann. § 9.1561).

A residential district is defined as follows:

"The territory contiguous to a highway not comprising a business district when the frontage on such highway for a distance of three hundred feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business." 1 Comp. Laws 1929, § 4693 (Stat. Ann. § 9.1561).

The trial court left it to the jury to determine whether the accident happened in a business district or in a residential district, or whether it happened in either of such districts. While there was testimony that "there were houses on the west side of the road * * * for more than 300 feet before you get to the intersection," and that "from the intersection where the accident occurred all the way to where US-131 turns north, it is business. For a distance of 300 feet south of the intersection, it is residential," it is not clear whether these specified sections are residential or business districts as defined by statute, based upon 50 per cent. frontage upon the highway, and frontage "mainly occupied by dwellings or by dwellings and buildings in use for business." There was no proof of the frontage occupied by houses or business buildings on the highway. In *White* v. *Vandevelde,* 284 Mich. 669, 675, in a similar instance this court said:

"There was testimony plaintiff was driving more than 20 miles an hour. 1 Comp. Laws 1929, § 4697,

as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697 [Stat. Ann. § 9.1565]), makes it unlawful to drive more than 20 miles an hour in a residential district, defined by 1 Comp. Laws 1929, § 4693 (Stat. Ann. § 9.1561), as the territory contiguous to a highway not comprising a business district when the frontage on such highway for a distance of 300 feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business. The trial court left it to the jury to determine whether this collision occurred in a residential district. The testimony on this point is meager and inconclusive. Plaintiff only testified on the subject. In referring to the houses along the road, he used the terms 'real close,' 'quite separated,' or 'fewer' and 'further apart.' The meaning of these terms is indefinite and open to conjecture. Kipling is a community of about 200 inhabitants. Plaintiff was describing the density of residences along the highway for a space of a mile and a quarter. From the record, we cannot determine what the space was between the houses. Defendant might have introduced testimony on the point but let this question rest upon the indefinite testimony of plaintiff. The trial court did not err in this respect.''

We are of the opinion that there was no error in the trial court's action in leaving the facts with regard to this question to the determination of the jury.

It is claimed that plaintiff was guilty of contributory negligence as a matter of law, because she was not making observations at the time of the accident, but was looking elsewhere. With this contention we are not impressed. Plaintiff was not driving the car, and if she had been looking, her observations would have been the same as those of her husband; and it appears that she would have had no reason

to warn the driver, or suggest any different course to follow. But the trial court submitted this question of plaintiff's contributory negligence to the jury, and no error resulted.

Dr. Dowd, a witness for plaintiff, testified that he made an examination of the injuries to plaintiff's hand, shoulder, and chest. Upon his admission that his testimony was based, with regard to the shoulder and chest injuries, upon the history of the case as told to him by plaintiff, such testimony was stricken. With reference to the injuries to plaintiff's hand, Dr. Dowd testified with regard to the formation of scar tissue, the swelling and tender area in the palm, and deformity of the skin, and stated that from his observations there was apparent a disability of 40 to 50 per cent. in the use of the hand and that in his opinion such disability was permanent. His conclusions with regard to this injury were not based upon anything told to him, but upon his observations and medical judgment. We are of the opinion that this testimony was properly admissible.

Defendant relies upon the case of *Layton* v. *Cregan & Mallory Co., Inc.*, 269 Mich. 574, as authority for the exclusion of such evidence. In that case it was held that medical testimony based upon what a patient had told a physician was inadmissible as depending upon hearsay. As far as such testimony in the instant case was concerned, it was stricken; but the testimony of Dr. Dowd with regard to the hand was properly admissible, and no error resulted from refusal to exclude it.

Judgment affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.