DiMATTEO v. SMITH.

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

The testimony must be construed in a light most favorable to plaintiff upon an appeal wherein denial of motions for directed verdict and for judgment *non obstante veredicto* is claimed to have been error, even though testimony of witness upon whom plaintiff relies entirely was much discredited.

2. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—INTERSECTIONS—SPEED.

Plaintiff's decedent, driving a pickup truck westerly across intersection of paved 40-foot highway at speed of half a mile per hour on a clear winter day when the pavement was covered with snow and ice and where there were no traffic or other obstructions to his view for many blocks of a rapidly-approaching southbound car and who appeared to have slowed down as he was crossing the westerly half of the intersection in which defendant's car struck the truck, was guilty of contributory negligence as a matter of law.

Contributory negligence of plaintiff sufficient to bar recovery, see 2 Restatement, Torts, § 476, also § 475, comment a; causal relation between harm and negligence, §§ 465, 467; contributory negligence defined, § 463.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 13, 1944. (Docket No. 40, Calendar No. 42,708.) Decided October 11, 1944.

Case by Michael DiMatteo, administrator of the estate of Andrew DiMatteo, deceased, against Lester A. Smith for damages caused by death as result of an automobile collision. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Martin J. Kilsdonk* and *Walter M. Nelson,* for plaintiff.

*Knight & Panzer,* for defendant.

BUTZEL, J. On January 9, 1941, defendant was driving on Eight Mile road in the city of Detroit, Michigan, and, on reaching Meyers road, turned south. He collided with plaintiff's decedent at the intersection of St. Martins avenue and Meyers road. St. Martins runs east and west, parallel to and about 5 or 6 blocks south of Eight Mile road. Meyers road is a modern hard-surfaced highway; St. Martins, however, is an unimproved gravel road. Exhibits show that the east side of Meyers immediately north of St. Martins avenue is lined with bushes and trees, though it is claimed that a driver on Meyers road could look over the top of the growth and see a car coming from the east on St. Martins avenue. The bushes are fairly high. Defendant, as he approached St. Martins, was driving his car south on Meyers road at between 25 and 30 miles an hour. He was on the right side of Meyers road, closer to the center line than to the west curb. As he approached the St. Martins crossing, plaintiff's decedent drove his Ford pickup truck from the east on St. Martins

into Meyers road. Defendant applied his brake, his car skidded straight ahead and he threw out his arm in front of his wife to prevent her from going through the windshield. He made the statement at the time of the accident that he did not see the truck until just before he struck it. Defendant's car curved to the right or west just before the impact. It stopped at the intersection with the front end toward the west and the rear end out in Meyers road. At the time of the impact, decedent's truck was from 3 to 5 feet west of the center line of Meyers road. Decedent was very severely injured and as a result died 5 weeks later.

Plaintiff relies entirely upon the testimony of one Bart L. Del Duca despite the fact that his testimony was much discredited. However, on this appeal we must accept his testimony in the most favorable light. He testified that on the day in question the pavement on Meyers road was covered with ice or packed snow. Shortly after he turned into Meyers road from Eight Mile road and when he was only half a block south of Eight Mile road, the defendant's car passed him. From the latter intersection, St. Martins avenue is only a distance of 5 or 6 city blocks. The distance between St. Martins and the next cross road north and parallel to it is between 600 and 800 feet. Del Duca further testified that he was a block and a half north of St. Martins when the accident happened. He subsequently stated that he was a block away, that he saw decedent's pickup truck enter Meyers road, that it was jerking and traveling at no greater speed than one-half mile per hour. It slowed down and appeared to stop at the middle of the intersection and was struck by defendant's car. It was struck with such force as to drive it across the road and into a telephone pole. The left front fender of defendant's car struck dece-

dent's truck between the right front fender and the
door. At the time of the collision, decedent's truck
had passed the middle of the intersection and had
reached the west lane of travel on Meyers road.
Notwithstanding the fact that the testimony of Del
Duca is unsatisfactory, we take it at full value in
coming to our conclusion. He testified that it took
him from 2 to 5 minutes to travel the block and a
half between him and the scene of the accident, and
that he saw it, removed his foot from the accelerator
and slowed down. He further testified that when
the pickup truck was just west of the center line of
Meyers road, defendant's car was in the middle
of the block on Meyers road between St. Martins and
Pembroke, the street immediately to the north. He
later testified that the distance was less than half a
block. Defendant made a motion for a directed ver-
dict and subsequently for a judgment *non obstante
veredicto* after the jury returned a verdict of $5,000
in plaintiff's favor. Both motions were denied.

The physical facts are so strong that we must hold
that plaintiff's decedent was guilty of contributory
negligence. Plaintiff makes no claim of subsequent
negligence. Accepting Del Duca's testimony as
given and even assuming that defendant was guilty
of negligence, we do not believe that reasonable
minds can possibly differ as to the contributory
negligence of plaintiff's decedent. Meyers road is
an open road 40 feet in width and on a clear day,
such as the day of the accident, one can see a dis-
tance of a great many blocks. There was no traffic
or other obstructions to hinder vision. If DiMatteo
had a defective car, he had no right to drive out into
the roadway when he could plainly see a rapidly-
approaching automobile nearing the intersection.
Accepting Del Duca's testimony that decedent's truck
was jerking, was traveling at no greater speed than

one-half mile an hour, slowed down as it crossed the intersection and appeared to stop, we find that decedent was guilty of contributory negligence in driving his car in this manner. If it were true that he was going one-half mile per hour as he entered the intersection, defendant's car would have been many hundreds of feet beyond the intersection before decedent could reach the west side of Meyers road. One cannot enter an intersection and see a rapidly-approaching car nearing him and then just slow down.

The judge denied a motion *non obstante veredicto* relying on *Stephens* v. *Koprowski,* 295 Mich. 213, and *Strong* v. *Kittenger,* 300 Mich. 126. In the first case cited, defendant changed the position of his vehicle after plaintiff made an observation and thought it was safe to proceed. In the second case cited, decedent's driver testified that, while he was about 50 to 75 feet away, defendant's car was about 150 to 200 feet from the intersection, and that he believed that defendant's car slowed down and was going to stop and give him the right of way. These cases do not resemble the instant one in any way. They are cases in which the minds of reasonable men might differ. In *Stuck* v. *Tice,* 291 Mich. 486, we said:

"Normally, under conditions such as these, when two cars collide on a bright clear day at the intersection of thoroughfares of equal importance, both drivers are to blame."

This is particularly applicable to the facts in the instant case. It would serve no good purpose to discuss the other cases referred to and distinguish them.

In the brief for plaintiff the question is asked:

"Would a reasonably prudent man have continued the 20 feet across Meyers when a light-

colored sedan was 600 to 800 feet away going at 25 to 30 miles per hour to his right under all the circumstances?''

Plaintiff claims that the jury found that this was a reasonable act. There however should be added to the question propounded ''Whether under these circumstances would a reasonably prudent man travel at the rate of half a mile per hour in crossing these 20 feet.'' At the rate he was going, he could have stopped his car or accelerated its speed and the accident would not have occurred. We hold that, proceeding at this rate of speed, decedent was guilty of contributory negligence as a matter of law and plaintiff cannot recover.

Judgment for plaintiff is reversed, with costs of both courts and without a new trial.

NORTH, C. J., and STARR, WIEST, BUSHNELL, BOYLES, and REID, JJ., concurred with BUTZEL, J. SHARPE, J., concurred in the result.