## YAMPOLSKY *v.* SMITH.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

Notwithstanding glaring inconsistencies in plaintiff's testimony, the Supreme Court gives it full credence in determining whether the motion for judgment *non obstante veredicto* was properly granted.

2. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW.

In action by northbound motorist against owner of westbound car for damages arising from collision at intersection of city streets neither of which afforded either motorist a right of way except that accorded by statute to driver at the right when both vehicles enter intersection at approximately the same time, where plaintiff who had reduced his speed from 15 to 7 or 8 miles per hour as he reached south sidewalk line and observed defendant's driver before and after latter had reduced speed, made third observation after both motorists had materially increased their speed and when near center of intersection too late to avoid collision, plaintiff was properly found guilty of contributory negligence proximately causing the accident as a matter of law (1 Comp. Laws 1929, § 4712).

3. SAME—INTERSECTION OF STREETS OF EQUAL IMPORTANCE.

Normally when two cars collide at an intersection of streets of equal importance on a bright clear day, with no other cars or obstructions to view present, both drivers are to blame as each have the duty of exercising reasonable care to avoid an accident.

Appeal from Wayne; Toms (Robert M.), J. Submitted February 4, 1948. (Docket No. 64, Calendar No. 43,723.) Decided April 5, 1948.

Contributory negligence as a matter of law, see 2 Restatement, Torts, §§ 432, 463, comment b, 464, comment a, 466; standard of conduct defined, §§ 283–285, 464.

Case by Paul A. Yampolsky against Frank Smith for injuries received in an automobile accident. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Bernstein & Bernstein* (*Edwin S. Moag,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendant.

Butzel, J. Plaintiff, Paul A. Yampolsky, brought suit for damages for injuries sustained in an automobile accident that occurred at 1 o'clock in the afternoon of November 25, 1943. Upon the conclusion of plaintiff's proofs before a jury, defendant moved for a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law. Decision upon this motion was reserved by the trial judge under the Empson act (3 Comp. Laws 1929, §§ 14531–14534, as amended by Act No. 44, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1947 Cum. Supp. §§ 27.1461–27.1464]). Defendant then put in his proofs, and the case was submitted to the jury, which returned a verdict for plaintiff for $1,625. Defendant thereupon filed a motion for judgment *non obstante veredicto,* and the trial judge granted it, ordering that judgment of no cause of action be entered for defendant. Plaintiff appeals from this order.

Notwithstanding some glaring inconsistencies in plaintiff's testimony, we give it full credence in determining whether the motion for judgment *non obstante veredicto* was properly granted. According to plaintiff, the accident occurred as follows. Plaintiff was driving north on LaSalle boulevard in the city of Detroit, and defendant's car, being

driven by his agent, was traveling west on Lothrop avenue, an intersecting street. The pavements were dry and the weather clear. LaSalle boulevard is about 40 feet wide, Lothrop is about 30 feet wide, and both streets are of equal importance. As plaintiff neared the intersection, he slowed down from 15 miles per hour to 7 or 8 miles per hour. He looked first to his left (west) and then to his right (east), and to the east he saw defendant's car approaching 150 feet away at a speed of approximately 30 miles per hour. He made this observation when he was about 20 feet from the sidewalk line, which would place him about 45 to 50 feet from the center of the intersection. Plaintiff looked again to the east when he reached the intersection, and at that time defendant's car was 100 feet away and had slowed down. Plaintiff testified that he concluded defendant's driver intended to stop or slow down to yield the right of way to him, and that he proceeded to cross the intersection, accelerating his speed as he did so. When he reached the middle of the intersection, plaintiff looked again to the east and discovered defendant's car bearing down on him about 35 or 40 feet, two car lengths away at 40 to 45 miles per hour. Plaintiff attempted to further accelerate his car and to swerve to the left to avoid a collision. It was too late to do so, however, and the accident occurred.

Plaintiff contends that under such circumstances the issue of his contributory negligence was a question for the jury, and that the trial judge erred in ruling that plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff relies upon the rule followed in *Stuck v. Tice,* 291 Mich. 486, and *Strong v. Kittenger,* 300 Mich. 126. In the *Stuck Case* we held that the issue of contributory negligence was properly submitted

to the jury where it appeared that the driver of plaintiff's vehicle had maintained a continual watchfulness, had proceeded at a constant rate of speed, and had seen defendant's vehicle slow down so as to give the impression that it was either being brought to a stop or that it was going to be turned, there being a question of fact presented upon which reasonable minds might differ as to whether or not plaintiff acted prudently in proceeding across the intersection under such circumstances. In the *Strong Case* the same issue was presented and we adhered to our decision in *Stuck* v. *Tice, supra.*

The present case differs from both the cited cases in the following respect: In the instant case it appears from plaintiff's own testimony that not only was the speed of defendant's vehicle reduced as it approached the intersection, but also the speed of plaintiff's vehicle was reduced. Plaintiff testified that he had been traveling 15 miles an hour, and that as he started to cross the intersection he was traveling only 7 or 8 miles an hour. The obvious inference is that he slowed down as he came up to the intersection. If the plaintiff slowed down, it would convey the same impression to the driver of defendant's vehicle that the reduction in speed of defendant's vehicle conveyed to plaintiff. Under such circumstances, the rule of *Stuck* v. *Tice,* and *Strong* v. *Kittenger* should not be applied.

*De Vries* v. *Owens,* 295 Mich. 522, another case in which the rule of *Stuck* v. *Tice* was applied, also differs from the case at bar in that there the plaintiff was proceeding on a through highway and defendant upon an intersecting road of inferior importance. Defendant had a duty to stop before entering upon or crossing the through highway. Plaintiff reduced his speed when he saw defendant approaching the intersection, and, when he saw defendant reduce the

speed of his car as if to observe the law and stop before entering upon the through highway, plaintiff resumed his previous rate of speed and proceeded into the intersection. We held that plaintiff was not guilty of contributory negligence as a matter of law and that there was an issue of fact for the jury as to whether or not plaintiff acted in a reasonably prudent manner. In the instant case, neither of the streets on which the parties were traveling had a superior right of way over the other. In fact, it appears that defendant's driver had the technical right of way under the statute (1 Comp. Laws 1929, § 4712 [Stat. Ann. § 9.1580]), she being to the right of plaintiff as they each approached the intersection. For this reason, *De Vries* v. *Owens* is distinguishable.

*Stuck* v. *Tice, supra,* has frequently been quoted with approval by us as authority for another proposition than the one discussed above:

"Normally,   *   *   *   when two cars collide on a bright clear day at the intersection of thoroughfares of equal importance, both drivers are to blame. *   *   *   When two cars meet at an intersection, it becomes the duty of both drivers to slow down and respect each other's rights."

See *Ann Arbor Construction Co.* v. *Russ,* 312 Mich. 527; *DiMatteo* v. *Smith,* 309 Mich. 640; and *Stephens* v. *Koprowski,* 295 Mich. 213. In the latter case we said:

"It is incumbent on drivers approaching an intersection to use care commensurate with the dangers reasonably to be anticipated."

And in *Block* v. *Peterson,* 284 Mich. 88, we said:

"One is not free from contributory negligence who observes an automobile coming on the intersecting

street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of the collision.''

See, also, *Sonfilian* v. *Wiedman,* 291 Mich. 697.

In the instant case, if plaintiff had continued to observe defendant's car after he looked at it the second time, he most certainly would have realized that a collision was imminent if he continued into the intersection. Traveling only 7 or 8 miles per hour, he could easily have brought his car to a stop short of the point where the collision occurred. Under such circumstances, we can only hold that plaintiff did not exercise that degree of care which a reasonably prudent person would have exercised, and that he was guilty of negligence which was a contributing cause of the accident. In doing so, we reiterate the rule that normally when two cars collide at an intersection of streets of equal importance on a bright clear day, with no other cars or obstructions to view present, both drivers are to blame. Under such circumstances both drivers have the duty of exercising reasonable care to avoid an accident; otherwise they proceed at their own risk, and must suffer the consequences of their negligence.

The judgment is affirmed, with costs to defendant.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, Dethmers, and Carr, JJ., concurred.