## NORTHERN OIL CO. *v.* VANDERVORT.

1. NEGLIGENCE—SUBSEQUENT OCCURRENCE—PROXIMATE CAUSE.

If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury.[1]

2. SAME—PLACING LOADED GUN IN AUTOMOBILE NOT NEGLIGENCE AS MATTER OF LAW.

The placing of a loaded gun in the tonneau of an automobile partially filled with clothing and camp equipment, *held*, not palpably so negligent that a court may say so as a matter of law, in the absence of a statute, and the question was, therefore, properly submitted to the jury. MCDONALD, STEERE, and FELLOWS, JJ., dissenting.[2]

3. SAME—ACCIDENTAL DISCHARGE OF GUN—DIRECTED VERDICT.

Evidence that a loaded gun, placed in the tonneau of an automobile by another, was accidentally discharged by defendant while he was reaching for his gloves, *held*, insufficient to establish any liability on his part for injuries caused thereby, and a verdict in his favor, in an action therefor, was properly directed.[3]

Error to Berrien; White (Charles E.), J. Submitted June 6, 1924. (Docket No. 80.) Decided October 6, 1924.

Case by the Northern Oil Company against Guy Vandervort and another for personal injuries to plaintiff's employee. Judgment for defendants. Plaintiff brings error. Affirmed.

*Cady & Andrews,* for appellant.

*Charles W. Gore,* for appellees.

[1]Negligence, 29 Cyc. p. 495; [2]Id., 29 Cyc. p. 639; [3]Id., 29 Cyc. p. 625, p. 627.

SHARPE, J.   The defendants, residents of Berrien county, while on a hunting trip in northern Michigan, stopped at a filling station in Manistee to procure a supply of gasoline and oil.   Ludlow carried his gun between his legs while sitting in the front seat. Vandervort, who was driving the car, had laid his on the clothing and camp equipment in the tonneau. Both guns were loaded.   While Vandervort was putting oil in the front part of the car, Ludlow got back into the front seat and reached over to get his gloves from his coat in the tonneau.   In doing so, he, in some way, not clearly explained, moved Vandervort's gun so as to cause its discharge through the back part of the car, and some of the shot penetrated the hand and side of Max Hornkohl, who had charge of the filling station for plaintiff.   Plaintiff, who was operating under the provisions of the workmen's compensation act, settled with Hornkohl for his injuries, paying him, including hospital and surgeon's services, $703.50, to recover which it brought this action against the defendants.   At the close of the plaintiff's proofs, a motion for a directed verdict as to Ludlow was granted.   The jury found "no cause for action" as to Vandervort.   The judgment entered for both defendants is here reviewed by writ of error.

The assignments relate to the direction of a verdict as to Ludlow and the refusal to give certain requests to charge as to Vandervort.   These requests all embodied a positive direction to find a verdict for the plaintiff.   The second one reads:

"You are hereby instructed that the placing of a loaded gun in the rear of an automobile and driving the same into a thickly populated community or city is negligence, and you are instructed to return a verdict for the plaintiff in this cause."

Plaintiff insists that "The evidence in this case is all undisputed," and that "whether or not the defend-

ant is negligent is a question of law for the court, and not of fact for the jury."

Vandervort was experienced in the use of firearms. The tonneau was partially filled with clothing and camp equipment. Was his act in placing his loaded gun thereon so palpably negligent that a court may say so as a matter of law, or was it a question for the jury? Since this accident happened, the legislature by Act No. 41, Pub. Acts 1923, has made it unlawful for any person to carry a loaded gun in an automobile. Counsel rely on the rule stated in *Underhill* v. *Railway Co.*, 81 Mich. 43, that where there is no conflict in the testimony in a negligence case it is for the court to decide whether negligence is proven. In many cases this rule will apply, but where, as here, the question turns on whether the injurious result should have been foreseen by a person of ordinary prudence, it must be submitted to the jury. The rule as to proximate cause was stated in *Tozer* v. *Railroad Co.*, 195 Mich. 662, and *Jaworski* v. *Detroit Edison Co.*, 210 Mich. 317, as follows:

"If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury."

The liability of the defendant Vandervort rests upon whether, in the exercise of reasonable care, he should have foreseen that the gun placed by him in the tonneau would probably be disturbed and, if so, discharged. What he did must be tested by the conduct of a person of ordinary prudence, acting under like circumstances. Its determination was a matter peculiarly within the province of the jury. No

criticism is made or error assigned on the instruction of the court in submitting it to them.

Under the proofs submitted when plaintiff rested, it is clear that no liability on the part of Ludlow was established.

The judgment is affirmed.

CLARK, C. J., and BIRD, MOORE, and WIEST, JJ., concurred with SHARPE, J.

MCDONALD, J. (*dissenting*).    I cannot agree with my Brother SHARPE that the question of defendant Vandervort's negligence was for the jury.    No person having regard for the safety of others would carry a loaded gun in an automobile, as this one was carried. Every man of ordinary prudence knows that injurious results may follow from such an act.    The fact of the accident and the manner of it shows that the gun in question could easily be discharged.    This the defendant knew.    He also knew that if it discharged, injury to some one would probably follow.    He was a hunter, experienced in the use of firearms, and he knew very well that what actually happened might happen.    The undisputed facts show his act to have been clearly and unquestionably negligent.    The trial judge should have so instructed the jury as a matter of law.    Because of his failure to do so the judgment should be reversed, with costs to the plaintiff.

STEERE    and    FELLOWS,    JJ.,    concurred    with MCDONALD, J.