STEGGALL *v.* W. T. KNAPP & CO.

1. NEGLIGENCE — CUSTOMER HAS RIGHT TO RELY ON SAFETY OF PASSAGEWAYS.

    Generally, a customer in a store has the right to rely upon the safety of passage along passageways used by customers.

2. SAME—FACT OF ACCIDENT IS NO EVIDENCE OF NEGLIGENCE—NOT ESTABLISHED BY CONJECTURE.

    The mere fact of an accident occurring is no evidence of negligence, but the fact that an accident has happened may be taken into consideration, with all of the other facts and circumstances, for the purpose of determining whether in fact there was negligence, and, to establish negligence, they must be such as to take the case out

---

[1]Negligence, 29 Cyc. pp. 453, 455, 458; 21 L. R. A. (N. S.) 456; L. R. A. 1915F, 572; 33 A. L. R. 181; 20 R. C. L. 66, 67; 3 R. C. L. Supp. 1025; 4 R. C. L. Supp. 1333; 5 R. C. L. Supp. 1077; 6 R. C. L. Supp. 1178, 1179; [2]Id., 29 Cyc. pp. 590, 623.

of the realm of conjecture and within the field of legitimate inferences.

3. SAME—WHEN ACT DEEMED PROXIMATE CAUSE.

If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the· proximate cause of the injury.

4. SAME—EVIDENCE AS TO CUSTOM AND USAGE.

While custom and usage in the conduct of a business is competent evidence of the care and diligence required, it will not be allowed to overturn matters of common knowledge or to establish a custom obviously unreasonable or dangerous.

5. SAME—STOREKEEPER NOT LIABLE IN ABSENCE OF EVIDENCE OF NEGLIGENCE.

A storekeeper is not liable for injuries caused to a customer by the toppling over of a roll of linoleum standing on end on the floor of the store, which the evidence establishes was the universal practice in such stores in that city, in the absence of evidence that his employees knew, or by the exercise of reasonable foresight should have known, that it was likely to fall, and that injury to some one might result therefrom.

6. SAME—EVIDENCE—INFERENCES.

That a roll of linoleum, exhibited by defendant to the jury, toppled over in the court room, the cause of which is unexplained, has no bearing on defendant's liability; negligence of his employees in placing it or permitting it to stand on end at the time of plaintiff's injury not being inferable therefrom.

Error to Bay; Houghton (Samuel G.), J.    Submitted October 7, 1927.    (Docket No. 54.)    Decided January 3, 1928.    Rehearing denied April 2, 1928.

Case by Pearl Steggall against W. T. Knapp & Company for personal injuries.    Judgment for defend-

---

[3]Negligence, 29 Cyc. pp. 432, 494; [4]Id., 29 Cyc. p. 609; [5]Id., 29 Cyc. p. 432; [6]Id., 29 Cyc. pp. 621, 623.

ant on a directed verdict. Plaintiff brings error. Affirmed.

*Kinnane & Leibrand,* for appellant.

*Selwyn A. Lambert,* for appellee.

SHARPE, J.    The defendant is engaged in the sale of merchandise in a four-story building in Bay City, on each floor of which its goods are kept on display for sale.    On January 20, 1926, the plaintiff, accompanied by her little girl, five years of age, went up the stairway leading to the third floor.    It is her claim that as she landed on the floor she caught sight of a bolt of linoleum, which had been standing on end, falling towards her; that she pushed her little girl out of reach of it and caught it with her hands; that it pulled her to the floor, wrenching her back and otherwise inflicting serious injury upon her.    She brings this action to recover the damages she sustained thereby.

The proofs were submitted to a jury, after which, on motion of defendant's counsel, the trial court directed a verdict in its favor.    The plaintiff seeks review of the judgment entered thereon by writ of error.

The bolt of linoleum which fell was not a solid one. It was a remnant 6 feet wide and 21 feet long, containing about 14 square yards and weighing about 5 pounds per square yard.    When rolled, it was from 18 to 24 inches in diameter.    The defendant offered proof that the customary way of handling linoleum 6 feet in width in the stores in Bay City in which it is kept for sale, of which there are several, was to stand it on end, and several witnesses so testifying added that they had never known of an instance in which such coils or bolts had fallen of their own volition.    It also had proof that a roll or bolt partly uncoiled would have

a larger diameter at the bottom than at the top. No proof was offered by plaintiff tending to contradict these statements. Before concluding its defense, defendant brought into court and offered as an exhibit a coil of linoleum similar in all respects to that by which plaintiff was injured, except that it was a foot shorter. Experiments were conducted with it, the purpose of which was to demonstrate that it would safely stand on end. After standing on the floor for a considerable length of time, and while a witness was leaving it and another passing by it to the witness chair, it toppled over.

Plaintiff's counsel contend for her right of recovery for two reasons:

(1) The action of defendant's employees in permitting the partially uncoiled roll of linoleum, unsupported by solid bolts standing around it, to stand near the place to which plaintiff was invited to go in making purchases in the store, was evidence of negligence.

(2) The jury had a right to infer negligence from the falling in their presence of the coil of linoleum, quite similar in all respects to that by which plaintiff was injured.

1. Plaintiff was entitled to all the rights of an invited person in passing about the store. It may be stated as a general proposition that a customer in a store "has the right to rely upon the safety of passage along passageways used by customers." *Wine* v. *Newcomb, Endicott & Co.*, 203 Mich. 445, 451. That plaintiff was injured by the fall of the linoleum is not sufficient in itself to entitle her to recover. "That the mere fact of an accident occurring is no evidence of negligence is well established in this State." *Fuller* v. *Wurzburg Dry Goods Co.*, 192 Mich. 447, 448. But the fact that an accident has happened may be taken into consideration, with all of the other facts and circumstances, for the purpose of determining whether in fact there was negligence. The circumstances

must be such "as to take the case out of the realm of conjecture and within the field of legitimate inferences." *Burghardt* v. *Railway*, 206 Mich. 545 (5 A. L. R. 1333). A rule for testing liability in such cases was stated in *Tozer* v. *Railroad Co.*, 195 Mich. 662, 666, as follows:

"If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury."

This rule was cited approvingly in *Jaworski* v. *Detroit Edison Co.*, 210 Mich. 317; *Ignaszak* v. *McCray Refrigerator Co.*, 221 Mich. 10; *Northern Oil Co.* v. *Vandervort*, 228 Mich. 516; *Butrick* v. *Snyder*, 236 Mich. 300. Applying it to the facts here presented, the jury, had the case been submitted to them, if their verdict had been for the plaintiff, must have found that defendant's employee who placed the linoleum where it was when plaintiff was injured knew, or by the exercise of reasonable foresight should have known, that it was likely to fall, and that injury to some person might result therefrom. The undisputed testimony of the several witnesses who sell linoleum in Bay City that it was the universal practice in the city to stand on end coils of linoleum similar to that by which plaintiff was injured, and that they had never known one to topple over, so clearly establishes both the absence of such knowledge and the lack of such foresight that a verdict based thereon would not be permitted to stand.

"The line must be drawn in these cases between suggestions and possible precautions, and evidence of actual negligence, such as ought reasonably and properly to be left to a jury." *Larkin* v. *O'Neill*, 119 N. Y. 221 (23 N. E. 563).

While custom and usage in the conduct of such a business is competent evidence of the care and diligence required, it will not be allowed to overturn matters of common knowledge or to establish a custom obviously unreasonable or dangerous.    The record, however, is barren of any proof tending to show that any danger should have been anticipated in permitting the linoleum to stand on end where it was placed at the time of plaintiff's injury.    No similar question has been heretofore presented to this court, nor has our attention been called to, nor do we find, any case in other jurisdictions in which it has been decided.    The following, however, lend support to the conclusion we have reached:

"A storekeeper, while required to use ordinary care to keep his place of business in a reasonably safe condition so as not to expose his customers to unnecessary danger, is not liable for accidents they may therein sustain, except upon proof of default."    *Chapman* v. *Clothier*, 274 Pa. 394 (118 Atl. 356).

In *Chilberg* v. *Standard Furniture Co.*, 63 Wash. 414 (115 Pac. 837, 34 L. R. A. [N. S.] 1079), plaintiff, a customer of defendant, was injured by slipping upon a small rug, laid upon a smooth maple floor in defendant's store for the purpose of display.    There was proof that it was "the custom to permit the carpets, after being shown, to remain upon the floor a reasonable length of time until removed by a porter." After discussing the duty of the defendant "to maintain its display room in such a condition as a reasonably careful and prudent merchant would deem sufficient to protect customers from danger, while exercising ordinary care for their own safety," the opinion concludes:

"Appellant having shown it followed the usual custom in the place and manner of its display of its merchandise, using the same method employed by ordinarily prudent men engaged in the same line of busi-

ness, there being no evidence to the contrary, and the accident itself being no proof of negligence, there was no proof of negligence to submit to the jury, and the motion to dismiss should have been sustained."

An exhaustive note on "Duty and liability respecting condition of store or shop" will be found in 33 A. L. R. 181 *et seq.*

2. That the roll of linoleum, exhibited by defendant to the jury, toppled over in the court room has no bearing on defendant's liability.  It was there placed upon a carpeted floor, and, while the cause of its falling is unexplained, the jury would have had no right to infer negligence therefrom on the part of the employee in placing it or permitting it to stand on end at the time of plaintiff's injury.

The judgment is affirmed.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, McDONALD, and BIRD, JJ., concurred.

The late Justice SNOW took no part in this decision.