GRANT *v.* RICHARDSON.

1. AUTOMOBILES—PEDESTRIANS—SIDEWALKS—JACK-KNIFING TRAILER
   —CONTRIBUTORY NEGLIGENCE.

   In action under survival act for negligent injuries resulting in death of plaintiff's decedent, a pedestrian walking north near easterly edge of 12-foot sidewalk on east side of street and apparently watching his step on icy way when hit by trailer or an automobile catapulted therefrom as tractor and trailer were jack-knifed when sliding backward down hill from decedent's rear and where there is no evidence he heard truck driver's horn, decedent *held,* free from contributory negligence (3 Comp. Laws 1929, § 14040 *et seq.*).

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—APPREHENSION OF DANGER.

   Contributory negligence is not imputable to any person for failing to look out for danger when, under the surrounding circumstances, he had no reason to suspect that danger was to be apprehended.

3. SAME—ASSUMPTION THAT OTHERS WILL OBEY LAW.

Generally every person has right to presume that every other person will perform his duty and obey the law, and therefore he may assume that he is not exposed to danger which can come only from violation of law or breach of duty.

4. SAME—PROXIMATE CAUSE—ANTICIPATED CONSEQUENCES.

If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent and will be deemed to be the proximate cause of the injury.

5. AUTOMOBILES—NEGLIGENCE—QUESTION FOR TRIER OF THE FACTS.

Conduct of driver of tractor, hauling trailer loaded with four automobiles, which loaded train weighed over ten and one-half tons, in attempting to ascend hill, containing nine per cent. grade and at top of which public utilities commission rule required him to stop before crossing railroad tracks, with knowledge of its slippery condition and danger to life and property in thickly crowded street if vehicle were stopped before gaining summit together with his manner of handling it in descending the hill *held,* to render question of his negligence one for trier of the facts in action under survival act on behalf of decedent pedestrian (3 Comp. Laws 1929, § 14040 *et seq.*; Public Utilities Commission's Motor Vehicle Carrier Rule No. 41).

6. APPEAL AND ERROR—QUESTIONS OF FACT—EVIDENCE.

Supreme Court does not substitute its judgment on questions of fact for that of the trier of the facts unless facts clearly preponderate in the opposite direction.

Appeal from Genesee; Black (Edward D.), J. Submitted April 16, 1936. (Docket No. 75, Calendar No. 38,750.) Decided June 11, 1936. Rehearing denied October 16, 1936.

Case by Eunice Grant, administratrix of the estate of Clinton Grant, deceased, against Serle R. Richardson and Contract Cartage Company, a Michigan corporation, for personal injuries resulting in death of plaintiff's decedent alleged to have

been caused by defendant's negligence. Judgment for plaintiff. Defendant appeals. Affirmed.

*Farley & Elliott,* for plaintiff.

*Edward N. Barnard,* for defendants.

Edward M. Sharpe, J. This is an action under the survival act (3 Comp. Laws 1929, § 14040 *et seq.*) brought by plaintiff, Eunice Grant, administratrix of the estate of Clinton Grant, deceased, against Serle R. Richardson and the Contract Cartage Company, a Michigan corporation. Deceased was born in 1890 and for a number of years prior to his death had been employed by the Chevrolet Motor Company. For more than five years previous to this accident, deceased had earned on an average of $151.97 per month.

Shortly before six o'clock on the morning of April 14, 1934, defendant Richardson, an employee of the Cartage Company, drove a tractor and trailer loaded with four Chevrolet cars from the Chevrolet plant in Flint south on Chevrolet avenue, which had been commonly used by similar trucking concerns as the route from the Chevrolet plant out of Flint to parts south and west. Chevrolet avenue extends north and south with a rise south of the plant, the last 250 feet of which has a nine per cent. grade. The cartage company has a branch office on this avenue opposite to the Chevrolet plant and on both sides of this avenue there are buildings used by the Chevrolet company.

At about the hour of 5:55 a. m., defendant Richardson drove south on Chevrolet avenue and approached to within 15 or 20 feet of the summit of the hill when he stopped, then started to slide backwards when his tractor and trailer "jack-knifed," and

finally came to a stop about 120 feet north of the top of the hill. At about this time, plaintiff's intestate was walking north on the 12-foot sidewalk on the east side of Chevrolet avenue and was struck by the trailer or one of the cars that catapulted from off the trailer. As a result of the injuries, he died the same evening.

It is the claim of defendants that Richardson, the driver of the defendant's tractor, proceeded up the hill in his usual manner; that the streets and walks were icy; that he ascended the hill until he reached a point within 12 or 15 feet of the Grand Trunk Railway tracks and at that time was unable to proceed further; that his tractor wheels spun for a time, the engine became stalled, and the tractor and trailer slid down the hill, jack-knifing so that the rear of the trailer went to the northwest and the rear of the tractor went to the southeast, hitting the curb; that on the way down the hill he blew his horn and many people who were proceeding to work heard and were able to get out of the danger zone, but the plaintiff's decedent was walking north on the east walk with his head down and paid no attention to the warning; and that on the morning of the accident defendant's driver saw another tractor and trailer go safely up the hill and thought that he could do likewise.

The trial court found that there was no car in front of defendant's tractor and trailer as it approached the top of the hill; that defendant driver used no chains in attempting to ascend the hill; that plaintiff's intestate was walking north on the 12-foot sidewalk and within two feet of its easterly edge; that it was negligence on the part of the driver in trying to ascend the hill which was slippery and icy with the load that he knew he had behind, with the rear wheels of the trailer being back of the center of the truck carrying a heavy burden or load which

amounted to over 10 tons; that the trailer wheels were a long distance from the drive wheels, or the wheels of the tractor which was propelling the load; that the defendant driver knew that the sidewalks were filled with workmen going to and from work; and that two other tractors and trailers on that same morning had failed to make the ascent, although this fact was unknown to defendant driver. The trial court found in favor of plaintiff and defendants appeal.

It appears to us that there are only two questions involved in this cause, namely, the contributory negligence of plaintiff's decedent, if any; and if none, then the acts of negligence of defendants. We think that plaintiff's decedent was free from contributory negligence. He was in a place where he had a right to be and ten feet away from where he might expect an automobile or other vehicle to travel. He was on an icy walk and apparently watching his step; and there is no evidence that he heard defendant Richardson's horn.

In *Corey* v. *Hartel,* 216 Mich. 675, this court quoted with approval from Baldwin on Personal Injuries (2d Ed.), § 146.

"Contributory negligence is not imputable to any person for failing to look out for danger when, under the surrounding circumstances, he had no reason to suspect that danger was to be apprehended."

And in *Lawrence* v. *Bartling & Dull Co.,* 255 Mich. 580, we said:

"The general rule is that every person has a right to presume every other person will perform his duty and obey the law, and, in the absence of reasonable ground to think otherwise, it is not negligence to assume he is not exposed to danger which can come to him only from violation of law or duty to [by?] such other person."

In solving the problem of defendant Richardson's negligence we must have in mind that the tractor and trailer owned by defendant cartage company weighed more than 10½ tons; that the street was icy and the tractor and trailer had to ascend a nine per cent. rise to the top of the hill; that there was heavy traffic on the street and hundreds of pedestrians were going to and from work at this particular location; that there was a railroad running east and west at the top of the hill at which defendant's vehicle was bound to stop before attempting to cross. Public Utilities Commission, Motor Vehicle Carrier Rule No. 41. In this cause, defendant driver's knowledge of the condition of the street leading up the hill may best be shown by his admission that if he had known that he would be stopped on the hill, he would not have tried it.

In *Hale* v. *Cooper,* 271 Mich. 348, 356, it is said:

"But he must be held to have had full knowledge of the dangerous condition of the pavement due to the sleet and ice and this made it incumbent upon him to exercise a degree of care commensurate with the obvious danger."

The supreme court of Illinois in *Graham* v. *Hagmann,* 270 Ill. 252 (110 N. E. 337), said:

"The degree of care and caution to be used in each case depends upon the character of the vehicle used and the locality and surroundings in which it is being used. The more dangerous the character of the vehicle and the greater its liability to do injury to others, the higher is the degree of care and caution to be exercised by the person charged with the duty of its operation."

Whether the ordinary prudent driver with the knowledge that defendant's driver had as to the condition would have attempted the ascent of the hill

may be determined by the rule stated in *Tozer* v. *Railroad Co.,* 195 Mich. 662:

"If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury."

See, also, *Steggall* v. *W. T. Knapp & Co.,* 241 Mich. 260.

In *DeAntonio* v. *New Haven Dairy Co.,* 105 Conn. 663 (136 Atl. 567), the court said:

"It is easy to conceive of a hill so steep and slippery that to descend it at all, with every precaution that prudence or ingenuity could suggest, would yet be so obviously hazardous as to leave no doubt that reasonable care would forbid the undertaking. Numerous elements, including the actual or reasonably-to-be anticipated presence of other vehicles or persons exposed to the consequences likely to ensue, are inherent in a consideration as to whether and when such descent would be consistent with reasonable care, and the question was typically one for the jury."

In the case at bar defendant's driver attempted to ascend the hill with the knowledge of its slippery condition and the danger to life and property if he was stopped before gaining the summit, moreover, in descending the hill he proceeded safely for a hundred feet or more before he voluntarily "jack-knifed" the trailer. We think the actions of defendant's driver in attempting to go up the hill together with his actions in stopping before he reached the crest of the hill and the manner of handling the tractor and

trailer in descending the hill are questions upon which reasonable minds might differ.

In *Leonard* v. *Hey,* 269 Mich. 491 (37 N. C. C. A. 111), we said:

"The law permits the trier of the facts a wide discretion in determining what those facts are. We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction."

The judgment of the lower court is affirmed; costs to plaintiff.

North, C. J., and Fead, Wiest, Butzel, Bushnell, and Toy, JJ., concurred. Potter, J., took no part in this decision.