LEETE *v.* GOULD.

1. Automobiles—Contributory Negligence—T Intersection Collision.

In action by southbound motorist who had stopped before coming from terminus of street which extended south only to street upon which eastbound defendant motorist was driving, where it appears that plaintiff was turning to her right when struck by defendant, traveling at speed of 40 miles an hour on wrong side of street after having passed a cement mixer and who skidded 130 feet to point of accident, plaintiff was not guilty of contributory negligence as a matter of law.

Functions of court and jury in determining contributory negligence, see 2 Restatement, Torts, § 476.

2. Same—Contributory Negligence—Stopping—Failure to Observe Oncoming Traffic on Wrong Side of Street.

Southbound motorist who stopped before turning right on east-and-west street and saw only a cement mixer on the street to the right was not guilty of contributory negligence as a matter of law in failing to make observation again for oncoming traffic from such direction on the wrong side of the street.

3. Same—Negligence—Contributory Negligence—Evidence.

In action arising from collision at a T intersection as plaintiff's southbound car was struck by defendant's eastbound car traveling on wrong side of street, evidence presented an issue of fact upon question of defendant's negligence and plaintiff's contributory negligence and supported verdict for plaintiff.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 11, 1944. (Docket No. 42, Calendar No. 42,548.) Decided April 3, 1944.

Case by Edith Leete against Elgie Gould and another for personal injuries sustained in an automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Burke & Burke,* for plaintiff.

*Frank B. DeVine,* for defendants.

Wiest, J. This is an automobile collision case. At the point where Awixa avenue joins Geddes avenue in the city of Ann Arbor, Geddes avenue runs east and west and has a 34-foot driveway and Awixa avenue runs north from but does not cross Geddes avenue. Plaintiff, about 4 o'clock in the afternoon of November 28, 1941, drove her automobile south on Awixa avenue and claims that before entering Geddes avenue she stopped and looked for traffic on Geddes avenue and the only vehicle in sight was a cement mixer truck several hundred feet to the right; that she then started to turn west on the right-

hand side of Geddes avenue but before her automobile had entirely cleared Awixa avenue her automobile was struck by an automobile operated by defendant Donald Gould and owned by Elgie Gould, his father, and she received injuries. The issues were tried to a jury, with verdict in favor of plaintiff, for $3,365. Defendants review by appeal, claiming the verdict was against the great weight of the evidence and plaintiff was guilty of contributory negligence as a matter of law.

The court left the question of plaintiff's contributory negligence to the jury and our review discloses that the court was right in refusing a requested direction in favor of defendants, denying a motion for judgment notwithstanding the verdict, and in refusing a new trial.

Defendant Donald Gould, hereinafter referred to as defendant, testified that he passed the cement mixer and then drove to the right of the center of the road and saw plaintiff's car entering Geddes avenue from Awixa avenue and he thought it was headed toward a south street a short distance west of Awixa avenue and, thinking that it intended to make that street, he turned his automobile to the left and the collision with plaintiff's automobile occurred near the center of Geddes avenue and while he was endeavoring to pass it on the north side of Geddes avenue.

The jury accepted the version, testified to by plaintiff and her woman companion, that the collision occurred while she was endeavoring to make a right-hand turn on to Geddes avenue, where she had a right to go, and she was not required to look for defendant's automobile to come down that side of the avenue. Defendant's testimony was to the effect that plaintiff's automobile was on Geddes avenue, with the front wheels over the center line, while

plaintiff's testimony was to the effect that the rear of her automobile had not cleared Awixa avenue at the time of the collision.

Under the circumstances, if plaintiff intended to turn west on Geddes avenue that was her right side of the street to do so. Having previously observed the cement mixer and no other automobile, she was not guilty of contributory negligence as a matter of law if she did not again make observation for oncoming traffic on the wrong side of the street. *Dreyfus* v. *Daronco,* 253 Mich. 235; *Lawrence* v. *Bartling & Dull Co.,* 255 Mich. 580; *Sanderson* v. *Barkman,* 264 Mich. 152; *Grant* v. *Richardson,* 276 Mich. 151.

Defendant admitted that he was driving at the rate of 40 miles per hour and was on the wrong side of Geddes avenue when his automobile struck plaintiff's automobile. But, as said before, he claims to have been on the wrong side of the street to avoid an anticipated collision with plaintiff's automobile on the right side of the street. When about 130 feet from plaintiff's automobile defendant became aware of the probability of a collision and put on the brakes but skidded to the point of the accident.

The evidence presented an issue of fact for the jury upon the question of negligence of defendant and that of contributory negligence of plaintiff. Under the issues and the evidence it was not an instance where the court could direct a verdict, as requested by defendant. We cannot hold the verdict against the great weight of the evidence.

The verdict and judgment thereon are affirmed, with costs to plaintiff.

North, C. J., and Starr, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.