### DORWIN v. FORD.

1. AUTOMOBILES—INTERSECTIONS—PROXIMATE CAUSE—EVIDENCE.
   Evidence supported trial judge's conclusion that negligence of
   driver of car in which plaintiff was a guest passenger was
   sole proximate cause of accident and that defendant's 16-year-
   old driver was not at fault where such southbound car was
   driven somewhat on the easterly portion of country road 18
   feet wide and collided with defendant's car as it entered
   junction of noncrossing road from southeast upon which a
   driver was unable to see cars from north if latter were on
   east side of road.

2. SAME — INTERSECTIONS — WRONG SIDE OF ROAD — SPEED — ROAD
   SURFACE.
   The driver of a car on a country road is not bound to anticipate
   that driver on intersecting road would approach the same
   intersection on the wrong side of the highway and at a speed
   that would not permit its course to be directed by the driver
   because of the condition of the road and the failure of the
   car to respond to the steering wheel.

Appeal from Newaygo; Pugsley (Earl C.), J.
Submitted October 10, 1958. (Docket No. 37, Calen-
dar No. 47,584.) Decided December 2, 1958.

Case by Loren A. Dorwin against Leon Ford for
personal injuries sustained in automobile collision.
Judgment for defendant. Plaintiff appeals. Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic § 1017.
[2] 5A Am Jur, Automobiles and Highway Traffic § 204.

*Mitts, Smith & Haughey (A. Brooks Smith, Jr.,* of counsel), for plaintiff.

*Reber & Reber (Harry D. Reber, Jr.,* of counsel), for defendant.

Carr, J. Plaintiff brought this action to recover damages for injuries sustained in a traffic accident which occurred on Thanksgiving Day, November 22, 1956, in Newaygo county. About noon of said day plaintiff was riding in an automobile driven by Theodore Pierson. The testimony in the case indicates that plaintiff was a guest passenger. At the time of the accident Pierson was driving south on a county highway referred to as Pettibone road. At the intersection of said road with Sisson street, also a county road, the Pierson car struck an automobile owned by the defendant and driven by his 16-year-old son. Sisson does not cross Pettibone road but intersects it from the southeast on an angle estimated by one witness as approximately 45 degrees, and by another, a member of the State police, at an angle between 30 degrees and 45 degrees. It is conceded that the view to the north at said intersection was, at the time of the collision, obscured by a bank, brush or weeds, and snow.

The case was heard in circuit court by the trial judge without a jury. Following the introduction of proofs the judge, with the approval of the parties to the case, drove to the scene of the accident and viewed the premises. Thereafter he indicated his findings in an opinion in which he discussed the nature of the intersection and the facts incident to the collision as determined from the proofs. It was his conclusion that the driver of defendant's car was not negligent and that the sole proximate cause of the accident was negligence on the part of Pierson, the driver of the car in which plaintiff was riding.

Judgment was entered accordingly, and plaintiff has appealed.

The question at issue is whether the testimony introduced on the trial supports the conclusion that defendant's driver was not guilty of negligence contributing to the accident. Many of the facts involved in the case are not in dispute. Pierson, who testified as plaintiff's witness, stated that he was driving at a speed of 30 or 35 miles an hour, that the road was covered with snow, that it was somewhat higher in the middle than toward the sides, and that as he proceeded he was watching the road in front of him. His testimony further indicated that he was driving, in part at least, on the east side of the center line. He claimed further that as he approached the intersection he saw defendant's car and attempted to turn to his right to avoid striking it, but that the wheels did not respond, the vehicle proceeding in a straight line to the point of impact. He indicated further that he had had no difficulty in turning at corners when driving slow enough to do so. The following testimony is significant:

"*The Court:* Did your speed prevent you from turning?

"*A.* Yes, sir, I would say it did.

"*The Court:* You think it did. In other words, your version is that if you had been going slow enough you could have turned out of the road?

"*A.* I may have been able to, yes, sir.

"*The Court:* But going at your rate of speed, you couldn't turn out?

"*A.* No, sir, the wheels wouldn't respond. It was just that slippery there. Driving the wheel tracks of other cars, they had the snow packed down."

Shortly after the accident an investigation was conducted by a member of the Michigan State police from the Reed City post. He testified that the traveled portion of Pettibone road was approximate-

ly 18 feet in width, that on the day of the accident it was covered with snow, rendering it slippery, and that the tracks of the Pierson car indicated that it had been driven on the crown of the road and somewhat to the east side. Further testimony indicated that the 2 cars came together practically head on, the left front of each being damaged. Defendant's car was driven back as a result of the impact for approximately a car length.

The officer concluded from his observations that the front of defendant's car was in the intersection not more than 4 feet at the time of the collision. Other witnesses testified as to the location of car tracks and the position of the vehicles following the impact, and to the effect that the Pierson car was entirely on the east side of Pettibone road as it approached and entered the intersection. The trial judge so found, and the record fully supports his conclusion.

The proofs further disclose that from the viewpoint of the driver of defendant's car as it approached the intersection it was impossible to see a vehicle coming from the north on the east side of the road, before reaching a point within a few feet of Pettibone road. Defendant's son testified that he was proceeding very slowly and that the front of his car was barely beyond the east edge of Pettibone as he entered that thoroughfare in a northerly direction and was struck by the Pierson car. The testimony clearly indicates that the accident occurred on the east side of Pettibone road, justifying the conclusion that had the Pierson car been on its proper side of the highway the collision would not have occurred.

The driver of defendant's automobile was not required to anticipate that a car would approach the intersection on the wrong side of the highway, and at a rate of speed that would not permit its course to

be directed by the driver because of the condition of the road and the failure of the car to respond to the steering wheel. As held in *Hicks* v. *Gillespie,* 346 Mich 593:

"One motorist is not required as a matter of law to anticipate reckless or unlawful acts, such as excessive speed or driving on wrong side of road, on part of another motorist approaching the same intersection." (Syllabus 4.)

Among other decisions recognizing the principle are: *Winckowski* v. *Dodge,* 183 Mich 303; *Suarez* v. *Katon,* 299 Mich 38; *Leete* v. *Gould,* 308 Mich 345; *Staunton* v. *City of Detroit,* 329 Mich 516.

In the instant case it may not be said that the evidence preponderates against the conclusions of the trial judge, reached after listening to the witnesses, weighing the testimony of each, and viewing the site of the accident, to the effect that negligence on the part of the driver of defendant's car was not established and that the sole proximate cause of the accident was the negligence of the driver of the car in which plaintiff was riding. Stated somewhat differently, the record fully supports the conclusion reached.

The judgment is affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.