## BROWN v. OESTMAN.

1. Assault and Battery—Aggression—Self-Defense—Duty to Retreat—Evidence.

The plea of self-defense in an action under the death act for assault would not be available to defendant unless the jury found defendant had withdrawn or retreated from affray defendant had admittedly begun, or at least attempted to escape from decedent's counterattack, there being ample evidence to sustain jury's finding that defendant was the aggressor from beginning to end, whether the events be treated as 2 altercations or 1 (CL 1948, § 691.581 *et seq.*).

2. Death—Damages—Evidence.

Proof of pecuniary loss of support and maintenance of decedent's widow and children including evidence of decedent's monthly earnings, the age and life expectancy of decedent, his widow and children, and testimony that he was the sole support of his family without proving how much of his earnings were expended for such support *held*, proper, and sufficient to sustain recovery of $20,000 verdict in action by legal representative of decedent's estate under the death act (CL 1948, § 691.581 *et seq.*).

3. Same—Damages—Assault—Pain and Suffering—Evidence.

An award of damages for pain and suffering, made by jury in an action under the death act for fatal assault is supportable by proof that blows were struck, blood flowed therefrom, and that decedent was conscious thereafter, it being unnecessary to give evidence that there was an exclamation of pain or expert testimony that pain would result from such blows (CL 1948, § 691-.581 *et seq.*).

---

References for Points in Headnotes

[1] 4 Am Jur, Assault and Battery § 47.
[2] 16 Am Jur, Death § 319.
[3] 16 Am Jur, Death § 191.
    Measure of damages for death in action for benefit of decedent's estate.  163 ALR 253.

Appeal from Wayne; Bowles (George E.), J. Submitted October 6, 1960. (Docket No. 28, Calendar No. 48,261.) Decided March 1, 1961.

Case by Donald E. Brown, administrator *de bonis non* of the estate of Lorne R. Moodie, against Ray Oestman for damages because of assault and battery resulting in death. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Thomas E. Worrell,* for plaintiff.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr,* for defendant.

SOURIS, J. Defendant appeals from a $20,000 jury verdict in an assault and battery case instituted under the wrongful death act.* Defendant's motion for directed verdict at the conclusion of plaintiff's proofs was denied, as was his motion for new trial after verdict and judgment. Defendant's appeal is based upon errors he claims were made in the trial court's instructions to the jury. He claims the jury should not have been instructed that he had a legal duty to retreat if he was justified in believing he was in danger of injury or death from an attack by plaintiff's decedent. He next claims that plaintiff's proofs were inadequate to justify an instruction that the jury could award damages for pecuniary loss of support and maintenance of decedent's widow and children. Finally, he claims that the jury should not have been instructed that it could award damages for pain and suffering, there being an absence of proofs thereon.

Late one afternoon in September, on a driveway leading to the garage attached to defendant's home,

---

* CL 1948, § 691.581 *et seq.* (Stat Ann 1959 Cum Supp § 27.711 *et seq.*).

Lorne Moodie was assaulted by defendant and died several days later. Defendant's wife and Mrs. Leuer, the mother of her neighbor, made the acquaintance of Mr. Moodie in a tavern where the 2 women were celebrating the birth of Mrs. Leuer's grandchild. Both had had 3 cocktails, and Mr. Moodie bought each 2 more. They left Mrs. Leuer's car parked at the tavern and Mr. Moodie drove the 2 women to defendant's home in his automobile, Mrs. Leuer sitting between Mr. Moodie and Mrs. Oestman. There was testimony indicating that Mrs. Leuer was "tipsy," but there was no other direct evidence to indicate why the two women left Mrs. Leuer's car at the tavern.

As Mr. Moodie drove his car onto defendant's driveway, defendant stepped out of an enclosed breezeway connecting the garage with his home, walked over to the left side of the car and began striking Mr. Moodie about the head with his fists through the open side window. Mrs. Oestman got out of the car, walked around the front of it to where her husband was striking Mr. Moodie, and was hit in the eye by his swinging elbow. She then ran into the house and defendant ordered Mr. Moodie off his property.

Mr. Moodie backed his car off the driveway and parked it on the street opposite defendant's house. Leaving Mrs. Leuer still sitting in the car, he got out of it and, with his right hand in his pocket, walked back to the driveway where, as he approached defendant, defendant struck him once again before he could say anything. Mr. Moodie fell to the pavement and died 3 days later without regaining consciousness.

Defendant claims he acted in self-defense in last striking Mr. Moodie. Throughout the trial, and in his appeal, defendant sought to isolate the last blow struck by him from the blows he struck while Mr.

Moodie sat in his car. He argues, in effect, that the first altercation ended with Mr. Moodie's withdrawal from the driveway; that there was a lapse of time during which Mr. Moodie parked his car on the street and walked back to the driveway; and that the last blow was struck in self-defense as Mr. Moodie walked towards defendant with his hand in his pocket, just staring and saying nothing. Defendant thought there was "something in his pocket, a weapon of some sort."

At plaintiff's request the trial court gave the following instruction to the jury:

"I further charge you that if the defendant was justified in believing that he was in danger of being injured or killed, then under the law he was under a legal duty to retreat and to use all available means of escape if the attack here was caused by his own act."

Defendant objects to this portion of the charge on the ground that plaintiff's decedent was at that moment the aggressor and that, therefore, defendant was not obliged "to retreat and to use all available means of escape." In the first place, the quoted instruction did not impose a duty of retreat upon defendant unless the jury found "the attack here was caused by his own act." Assuming, as did the trial court in this portion of its charge, that Mr. Moodie's approach toward defendant constituted an "attack," the charge was a correct statement of the law if the jury found the attack was caused by defendant's own act. *Guyer* v. *Smullen,* 160 Minn 114 (199 NW 465). Reading the entire charge as given, it is apparent that the portion quoted above referred to defendant's plea of self-defense. What the trial court said, when the charge is considered in its entirety, is that defendant would not be entitled to rely upon his plea of self-defense unless the jury

found that he had withdrawn or retreated from the affray which defendant admittedly began or at least attempted to escape from plaintiff's decedent's counterattack. In any event, the court's characterization of decedent's approach toward defendant as an "attack" seems more favorable to defendant than he was entitled to have. The record discloses no blows struck by decedent, and no threats uttered. He merely walked toward defendant with one hand in his pocket "just staring and saying nothing." There was ample evidence to support a jury finding that defendant was the aggressor from beginning to end, whether the events described are treated as 2 separate altercations or 1. We find no error prejudicial to defendant.

Plaintiff's proofs of pecuniary loss of support and maintenance of decedent's widow and children included evidence of decedent's monthly earnings, the age and life expectancy of decedent, his widow and children, and testimony that he was the sole support of his family. No attempt was made to prove how much of his earnings were expended for his family's support and maintenance. However, this Court has previously allowed recovery for support and maintenance based upon similar proofs of pecuniary loss. *Ingersoll v. Detroit & Mackinac R. Co.*, 163 Mich 268 (32 LRA NS 362); *Musgrave v. Manistique & Lake Superior Railway*, 259 Mich 469; and *Kolehmainen v. E. E. Mills Trucking Co., Inc.*, 301 Mich 340. In the absence of any evidence that decedent was not the sole source of his family's support, we think there was sufficient evidence to enable the jury to establish the family's pecuniary loss.

Finally, defendant claims there was no evidence that decedent sustained any pain and suffering between the time he was first struck and the time he lost consciousness after the last blow and that, therefore, the jury should not have been permitted to award

damages therefor.  In order to establish the fact of pain and suffering by decedent, it is sufficient to prove that blows were struck, blood flowed therefrom and that decedent was conscious thereafter. See *Hanna v. McClave,* 273 Mich 571.  We do not consider evidence of an exclamation of pain or expert testimony that pain would result from such blows essential to plaintiff's right to recover for his decedent's pain and suffering.  Plaintiff's proofs were adequate in this respect.

Affirmed.  Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.